USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8 24 11

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

_____X
                                    :
IN RE:  STOCK EXCHANGES OPTIONS     :      99 CIV. 0962 (SHS)
TRADING ANTITRUST LITIGATION        :      [And All Other Consolidated
                                    :      Actions]
THIS DOCUMENT RELATES TO            :
ALL ACTIONS                         :      MDL No. 1283
                                    :      Master Docket No. M-21-79 (SHS)
_____X

[PROPOSED] ORDER RE SUPPLEMENTAL
DISTRIBUTION OF SETTLEMENT PROCEEDS

WHEREAS, on November 23, 2009 the Court entered an Order for Distribution of the

Net Settlement Fund in the above-captioned consolidated class action (the "Action"); and

WHEREAS, the Court retained continuing jurisdiction over this Action for the purpose

of considering any further application or matter which may arise in connection with the

administration and implementation of the Settlement, the processing of Proofs of Claim and the

distribution of the Net Settlement Fund to Authorized Claimants;

WHEREAS, plaintiffs moved by Notice of Motion dated July 19, 2011 for an Order

directing a Supplemental Distribution of the Settlement Proceeds; *that motion on August 23, 2011;*

*Whereas, a conference was held on the record on that motion on August 23, 2011;*

NOW THEREFORE, upon reading and filing the Affidavit of Scott W. Fisher dated

July 19, 2011, a member of Garwin Gerstein & Fisher LLP, and a member of Plaintiffs'

Counsels' Executive Committee, the Affidavit of Michael Rosenbaum dated July 11, 2011,

Managing Director of Berdon Claims Administration LLC ("Berdon" or "Claims Administrator")

and the exhibit thereto (the "Rosenbaum Affidavit"), and upon all prior proceedings heretofore,

and after a hearing held on August 23, 2011, it is on this *24* day of *August,* 2011;

**ORDERED**, that the administrative recommendation of the Claims Administrator that a supplemental distribution of the remaining Settlement Proceeds be made to authorized claimants and the same is hereby approved; and it is further *[motion #170]*

**ORDERED**, that the Claims Administrator be paid the sum of $37,750.00 from the Net Settlement Fund for its fees and expenses incurred in connection with administering the settlement herein not previously applied for including fees and expenses, incurred in connection with the supplemental distribution of Settlement Proceeds; and it is further

**ORDERED**, that the late claim of PTI Capital Management, L.L.C. is allowed; and it is further

**ORDERED**, that within ten (10) days hereof, Berdon shall attempt to contact those claimants whose checks were not returned as undeliverable but remain uncashed, and inform such claimants that within twenty (20) days thereafter, he/she/it must request that Berdon reissue a check to the claimant for his/her/its proportionate share of the initial distribution of the Net Settlement Fund to continue as a claimant in this litigation, and that such check must be cashed within thirty (30) days from the date thereon *of that reissued check* or it will be deemed void; and it is further

**ORDERED**, following the completion of the above referenced process, that the remaining Settlement Proceeds, after deducting the payments to Berdon set forth herein, shall be distributed to authorized claimants as determined by the Claims Administrator as will be set forth in a CD entitled "Options Supplemental Distribution List Including PTI Claim", within thirty (30) days thereafter; and it is further

2

**ORDERED**, that, if after ninety (90) days after completion of the supplemental distribution any funds shall remain in the Net Settlement Fund, then such balance shall be contributed to non-sectarian, not-for-profit, 501(c)(3) organization(s) designated by the Executive Committee with the approval of the Court; and it is further

**ORDERED**, that this Court shall retain jurisdiction over any further matter which may arise in connection with this Action.

NY NY
Aug 24, 2011

_____
UNITED STATES DISTRICT COURT
HON. SIDNEY H. STEIN

3