

DEC 19 2012
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/17/13

**GARWIN GERSTEIN & FISHER LLP**
COUNSELORS AT LAW
1501 BROADWAY
NEW YORK, NY 10036
(212) 398-0055
TELECOPIER NO. (212) 764-6620
E-mail: lawoffices@garwingerstein.com

BRUCE E. GERSTEIN
SCOTT W. FISHER
JOSEPH OPPER

OF COUNSEL
NOAH H. SILVERMAN

SIDNEY L. GARWIN
(1908-1980)

ELENA K. CHAN
EPHRAIM R. GERSTEIN
JONATHAN M. GERSTEIN
KIMBERLY M. HENNINGS
DAN LITVIN
ANNA L. TYDNIOUK

December 18, 2012

**Via Federal Express**

Honorable Sidney H. Stein
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1010
New York, New York 10007-1312

**Re: <u>In re Stock Exchanges Options Trading Antitrust Litigation</u>**
**99 Civ. 0962, MDL No. 1283**

Dear Judge Stein:

I write on behalf of the Court appointed Executive Committee of Plaintiffs' Counsel in the above referenced action (the "Action").

By Orders dated November 23, 2009 (Exhibit A hereto) and August 24, 2011 (Exhibit B hereto) this Court approved, respectively, an initial and Supplemental Distribution of the Net Settlement Fund to Authorized Claimants. All the necessary steps to effectuate a Supplemental Distribution have been completed and Authorized Claimants have received their Supplemental Distribution. As a result of this Action, Authorized Claimants have received in excess of $35 million in cash distributions.

Both Orders contemplated that any remaining funds would be contributed to non-sectarian, not-for-profit 501(c)(3) organizations designated by the Executive Committee with the approval of the Court. We have been informed that there is approximately $59,000 remaining in the fund for such distribution.

Given the unusual and challenging circumstances arising as a result of the devastation caused by Hurricane Sandy, Plaintiffs' Executive Committee recommends and proposes, subject to the Court's approval, an equal distribution of the remaining funds to the following 501 (c)(3) organizations:

The Court directs an equal distribution of the remaining funds (approx. $59,000) to:

a) City Bar Justice Center of the New York City Bar Association, which is providing free legal services to Hurricane Sandy victims;

b) Hurricane Sandy Long Island Disaster Relief c/o Newsday Charities, a McCormick Foundation Fund;

c) America Red Cross, Greater New York Region - dedicated to Hurricane Sandy Relief; and

d) United Way of New York City Hurricane Sandy Recovery Fund.

We believe these are all worthy organizations and would be able to make good use of the donations.

Please contact the undersigned with any questions the Court may have.

Respectfully yours,

Scott W. Fisher

SWF:jcs
cc: Defendants' Counsel (via E-mail)
Andrew Friedman, Esq. (via E-mail)
Bernard Persky, Esq. (via E-mail)
Steven M. Steingard, Esq. (via E-mail)

1/17/13

SO ORDERED

SIDNEY H. STEIN
U.S.D.J.

# EXHIBIT A

Case 1:99-cv-00962-SHS Document 168 Filed 11/23/09 Page 1 of 4

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/23/09

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE STOCK EXCHANGES OPTIONS TRADING ANTITRUST LITIGATION | 99 CIV. 0962 (SHS) [And All Other Consolidated Actions] |
| | MDL No. 1283 Master Docket No. M-21-79 (SHS) |
| THIS DOCUMENT RELATES TO ALL ACTIONS | |

**~~[PROPOSED]~~ ORDER RE: DISTRIBUTION OF CLASS SETTLEMENT FUND**

**WHEREAS**, on December 14, 2006, this Court entered an Order and Amended Final Judgment approving the terms of the Modified and Restated Agreement of Settlement dated as of October 26, 2005 and two highly similar Supplemental Agreements thereto dated December 30, 2005 and February 7, 2006 (collectively, the "Settlement") in the above-captioned consolidated class action (the "Action") and the Plan of Allocation; and

**WHEREAS**, the Court directed the parties to consummate the terms of the Settlement and Plan of Allocation; and

**WHEREAS**, the Court retained continuing jurisdiction over this Action for the purpose of considering any further application or matter which may arise in connection with the administration and implementation of the Settlement, the processing of Proofs of Claim forms ("Proofs of Claim") and the distribution of the Settlement Fund ~~to Authorized Claimants~~. and

Whereas plts moved by notice of motion dated Oct 15, 2009 for an order directing distribution of the net class action settlement fund and the Court by Order dated 10/19/09 having set a return date of 11/23/09 at 10 AM, and the parties having been heard,

**NOW THEREFORE**, upon reading and filing the Affidavits of Scott W. Fisher, dated Oct 8, 09 a member of Garwin Gerstein & Fisher LLP, one of four firms appointed as members of an Executive Committee of Plaintiffs' Counsel by Order dated August 26, 1999 ("Executive Committee") and the affidavit dated October 6, 2009 of Michael Rosenbaum, Managing Director of Berdon Claims Administration

LLC ("Berdon" or "Claims Administrator") and the exhibits thereto (the "Rosenbaum Affidavit"), and upon all prior proceedings herein and after due deliberation, it is hereby:

**ORDERED**, that the administrative determinations of the Claims Administrator accepting certain claims and rejecting certain claims as indicated on the computer printouts of accepted and rejected claims submitted with, and described in, the Rosenbaum Affidavit, be and the same are hereby approved, and said claims are hereby accepted; it is further

**ORDERED**, that the administrative determinations of the Claims Administrator rejecting the claims as indicated on the computer printout of rejected claims submitted with and described in the Rosenbaum Affidavit be the same and hereby are approved, and said claims are hereby rejected; and it is further

**ORDERED**, that the Claims Administrator be paid the sum of $2,675,194.62 from the Settlement Fund for its fees and the balance of expenses that have been incurred in connection with administering the Settlement herein; and it is further

**ORDERED**, that the sum of $50,000 is to be retained as a reserve fund to correct erroneous payments, to make other equitable adjustments, and to pay any further fees and expenses incurred in connection with the administration of the Settlement; and it is further

**ORDERED**, that balance of the Settlement Fund, after deducting the payments previously allowed and those set forth herein (the "Net Settlement Fund") shall be distributed to Authorized Claimants listed on the computer printout submitted with the Rosenbaum Affidavit as determined by the Claims Administrator in accordance with the Plan of Allocation approved by the Court, within forty-five (45) days of this Order, and it is further

**ORDERED**, that the payments to be distributed to the Authorized Claimants shall bear the notation "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION 180 DAYS AFTER ISSUE DATE." Plaintiffs' Executive Committee and the Claims Administrator are authorized to take appropriate action to locate and/or contact any eligible claimant who has not cashed his, her or its distribution within said time; and it is further

**ORDERED**, that, if after seven months after completion of the distribution any funds shall remain in the Net Settlement Fund, then such balance shall be contributed to non-sectarian, not-for-profit, 501(c)(3) organization(s) designated by the Executive Committee with the approval of the Court, and it is further

**ORDERED**, that all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims filed herein, or otherwise involved in the administration or taxation of the Settlement Fund or Net Settlement Fund, are released and discharged from any and all claims by Class Members arising out of such involvement, and all Class Members, whether or not they are to receive payment from the Net Settlement Fund are barred from making any further claim against the Net Settlement Fund, released persons, or the Settling Defendants beyond the amount allocated to them pursuant to this Order; and it is further

**ORDERED**, that the Claims Administrator is hereby authorized to discard paper or hard copies of the Proof of Claim forms and supporting documents not less than one year after the initial distribution of the Net Settlement Fund to Authorized Claimants and magnetic media data not less than three years after the initial distribution of the Settlement Fund to the accepted claimants; and it is further

**ORDERED**, that this Court retain jurisdiction over any further or matter which may arise in connection with this Action; and it is further

**ORDERED**, that no claim submitted after October 5, 2009 may be accepted for any reason whatsoever.

Dated: New York, New York
~~October __, 2009~~
November 23, 2009

SO ORDERED:

UNITED STATES DISTRICT COURT
HON. SIDNEY H. STEIN, U.S.D.J.

# EXHIBIT B

Case 1:99-cv-00962-SHS Document 172 Filed 08/24/11 Page 1 of 3

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/24/11

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

IN RE: STOCK EXCHANGES OPTIONS TRADING ANTITRUST LITIGATION

THIS DOCUMENT RELATES TO ALL ACTIONS

99 CIV. 0962 (SHS)
[And All Other Consolidated Actions]

MDL No. 1283
Master Docket No. M-21-79 (SHS)

**~~[PROPOSED]~~ ORDER RE SUPPLEMENTAL DISTRIBUTION OF SETTLEMENT PROCEEDS**

**WHEREAS**, on November 23, 2009 the Court entered an Order for Distribution of the Net Settlement Fund in the above-captioned consolidated class action (the "Action"); and

**WHEREAS**, the Court retained continuing jurisdiction over this Action for the purpose of considering any further application or matter which may arise in connection with the administration and implementation of the Settlement, the processing of Proofs of Claim and the distribution of the Net Settlement Fund to Authorized Claimants;

**WHEREAS,** plaintiffs moved by Notice of Motion dated July 19, 2011 for an Order directing a Supplemental Distribution of the Settlement Proceeds;

Whereas, a conference was held on the record on that motion on August 23, 2011;

**NOW THEREFORE**, upon reading and filing the Affidavit of Scott W. Fisher dated July 19, 2011, a member of Garwin Gerstein & Fisher LLP, and a member of Plaintiffs' Counsels' Executive Committee, the Affidavit of Michael Rosenbaum dated July 11, 2011, Managing Director of Berdon Claims Administration LLC ("Berdon" or "Claims Administrator") and the exhibit thereto (the "Rosenbaum Affidavit"), and upon all prior proceedings heretofore, and after a hearing held on August 23, 2011, it is on this 24 day of August 2011;

**ORDERED**, that the administrative recommendation of the Claims Administrator that a supplemental distribution of the remaining Settlement Proceeds be made to authorized claimants and the same is hereby approved; and it is further [motion #170]

**ORDERED**, that the Claims Administrator be paid the sum of $37,750.00 from the Net Settlement Fund for its fees and expenses incurred in connection with administering the settlement herein not previously applied for including fees and expenses, incurred in connection with the supplemental distribution of Settlement Proceeds; and it is further

**ORDERED**, that the late claim of PTI Capital Management, L.L.C. is allowed; and it is further

**ORDERED**, that within ten (10) days hereof, Berdon shall attempt to contact those claimants whose checks were not returned as undeliverable but remain uncashed, and inform such claimants that within twenty (20) days thereafter, he/she/it must request that Berdon reissue a check to the claimant for his/her/its proportionate share of the initial distribution of the Net Settlement Fund to continue as a claimant in this litigation, and that such check must be cashed within thirty (30) days from the date ~~thereon~~ of that reissued check or it will be deemed void; and it is further

**ORDERED**, following the completion of the above referenced process, that the remaining Settlement Proceeds, after deducting the payments to Berdon set forth herein, shall be distributed to authorized claimants as determined by the Claims Administrator as will be set forth in a CD entitled "Options Supplemental Distribution List Including PTI Claim", within thirty (30) days thereafter; and it is further

Case 1:99-cv-00962-SHS Document 172 Filed 08/24/11 Page 3 of 3

**ORDERED**, that, if after ninety (90) days after completion of the supplemental distribution any funds shall remain in the Net Settlement Fund, then such balance shall be contributed to non-sectarian, not-for-profit, 501(c)(3) organization(s) designated by the Executive Committee with the approval of the Court; and it is further

**ORDERED**, that this Court shall retain jurisdiction over any further matter which may arise in connection with this Action.

NY NY
Aug 24, 2011

UNITED STATES DISTRICT COURT
HON. SIDNEY H. STEIN